108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Ross COY, Defendant-Appellant.
 No. 96-10055.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 17, 1997.
Decided Feb. 14, 1997.
 
 Before: LAY,* GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dr. John Ross Coy was convicted of one count of making a false statement, for falsely claiming to be a board certified radiologist in applying to participate in a Medicare screening mammography program, in violation of 18 U.S.C. § 1001.[1] On appeal, he raises several issues, asserting there was insufficient evidence to support the conviction, improper jury instructions, that the trial court committed error by admitting evidence of other bad acts in violation of Rule 404(b) of the Federal Rules of Evidence and other errors relating to the admissibility of evidence. We have reviewed the record and find sufficient evidence to sustain the conviction and no prejudicial error in any of the district court's rulings.[2]
 
 
 3
 Dr. Coy urges that the government failed to produce evidence to establish falsity because he asserts that he did not know that certification by the American Board of Radiology (board certification) was necessary to participate in the Medicare program. He also asserts that there is insufficient evidence that he actually signed the attestation form. Additionally, he argues that there is insufficient evidence for the conviction because the requirement on the attestation form was fundamentally ambiguous. We find there is sufficient evidence to support the jury's finding.
 
 
 4
 Dr. Coy first argues that there was no evidence that he knew board certification was required. However, the attestation form which apparently bears his signature includes an avowal that the signatory has reviewed the federal requirements and the form specifically refers to the certification requirements for the interpreting physician. Additionally, the materials sent with the standard packet explained the requirement of board certification. The Health Care Finance Administration (HCFA) directed the Arizona Department of Health Services (DHS) to send a set of interpretive guidelines and excerpts from the Federal Register with each standard packet, and the witnesses knew of no instance where attestation forms were sent without these items. After the signed attestation form was received by HCFA, Dr. Coy was sent a letter informing him that his medical group, Mount Graham Medical Imaging (MGMI), had been approved as a screening provider.
 
 
 5
 In addition, after Dr. Coy obtained provider approval for MGMI, he became the interpreting physician for another group, Mammography Screening Services (MSS). The director of operations for MSS, Pat Matzelle, testified that in 1992 Dr. Coy received promotional materials for MSS which stated that Dr. Coy was board certified. Matzelle said he understood board certification was required for the screening program, and had it known that Dr. Coy was not board certified, MSS would not have used him as its interpreting physician.
 
 
 6
 Dan Haralson, the director of Mount Graham Community Hospital's X-ray department, testified that in early 1993 he received materials from Dr. Coy indicating that Dr. Coy had received board certification. He also recalled the defendant telling him in other circumstances that he was board certified. When Haralson called Dr. Coy in May 1993 regarding the DHS inspector's request for proof of board certification, Dr. Coy did not say he was unaware of any such requirement. Instead, he told Haralson that his things were boxed up and he discouraged Haralson from contacting the American Board of Radiology directly about his certification.
 
 
 7
 This evidence adequately supports a finding by the jury that Dr. Coy knew of the board certification requirement and knew he was making a false statement in signing the attestation form.
 
 
 8
 There is no merit in Dr. Coy's other arguments. The jury could find that the signature on the attestation form was the defendant's by comparing it with other documents bearing his signature. We agree with the district court's conclusion that there is no ambiguity in the government form. There exists overwhelming evidence that Dr. Coy told others that he was board certified and that when confronted with the request for proof he concealed the truth.
 
 
 9
 Dr. Coy argues that the district court erroneously admitted evidence of other bad acts where he had similarly misrepresented that he was board certified. Dr. Coy asserts that the Government offered two categories of impermissible bad acts evidence: 1) evidence of forms on which Dr. Coy allegedly stated that he was board certified, and 2) evidence concerning other screening mammography centers for which Dr. Coy provided services. The district court denied Dr. Coy's motion in limine to exclude this evidence, but did hold that it would require the Government, when offering bad acts evidence of the second category, to offer evidence that Dr. Coy had communicated to the identified groups that he was board certified. Dr. Coy argues that the bad acts evidence admitted was not sufficiently similar to the events alleged in this conviction, and that the Government improperly argued, in its closing, that the prior bad acts proved Dr. Coy's propensity to make false statements. Dr. Coy also argues that this evidence was overwhelmingly prejudicial and should have been excluded under Rule 403 of the Federal Rules of Evidence.
 
 
 10
 The Government contends that it offered this evidence to show intent, knowledge, and absence of mistake. The Government argues that the other bad acts evidence is directly relevant and similar to the act charged herein, showing that Dr. Coy intended to falsely claim that he was board certified and that he did not mistakenly sign the form stating he was board certified. On the Rule 403 argument, the Government claims that the evidence was very probative, and that any prejudice was ameliorated by the district court three times admonishing the jury during the trial with a limiting instruction and the jury instruction similarly limiting the use of the bad acts evidence. We agree with the government's contentions.
 
 
 11
 We have reviewed the other asserted trial errors and find no prejudice. On this basis, we find the judgment of conviction should be affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 § 1001. Statements or entries generally
 Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.
 18 U.S.C. § 1001.
 
 
 [2]
 Dr. Coy was sentenced to three years probation and a $1,500 fine